UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES WADE
PLAINTIFF

VS                                    CIVIL ACTION NO. 1:11-10051MBB

ABIGAIL WILLIAMS & ASSOCIATES, ET AL
DEFENDANT

## COMPLAINT
## PRO SE LITIGANT

1. James Wade, plaintiff is resident of Roxbury, Suffolk County, State of Massachusetts and a citizen of United States.

2. Abigail Williams & Associates, ET, AL, resident of Worcester, Hampton County, State of Massachusetts and a citizen of the United States.

## JURISDICTION

The United States District Court in Boston, MA., 1 CourtHouse Way, Boston, Massachusetts, 02210 has jurisdiction iver this matters pursuant to 28 U.S.C. $1332.

JAMES WADE
VS
ABIGAIL WILLIAMS

JAMES WADE
VS
ROSS ANNENBERG

JAMES WADE
VS
DONNA ATHERTON FISHER

FACTS

On or about the Fall of 2010, Abigail Williams and Ross Annenberg of Abigail Williams & Associates of Worcester, MA entered into contract with James Wade, whereby Abigail Williams and Associates agreed to bring legal processing against the United States of America under the Federal Tort claims involving claims, for personal and emotional injuries caused by negliance and wrongful acts by Roxbury Comprehensive Health Center, (the Methadone Addiction Treatment Center), ( known as MAT program), Anita Crawford, CEO, Amy Offenberg, Clinical Director, and Donna Atherton Fisher, therapist, under -"Strickland vs. Washington", the defendant, 466 U.S. - 668 (1984). Legal counsel was not effective due to errors in the proceedings of the case.

James Wade, Pro Se

2875 Washington Street, apt. #12b

Roxbury, MA  02119

617-445-9763, home

617-947-1264, cellphone

## **FACTS**

In January, of 2011, I brought suit in Federal court, District of Massachusetts against defendant(s), United States of American, under the Federal Tort Claim Act involving a claim for personal injury caused by the negligence and wrongful act or omission of Donna Atherton,defendant(s) then thought to be an employee of the United States while acting within the scope of her employment. Ms. Atherton, defendant(s) was then thought to be an employee of Roxbury Comprehensive Health Center, "RoxComp), which was a Federally Supported Health Center, pursuant to the Federally Supported Health Care Center Assistance Act of 1992. RoxComp was the first black health center to open in the country and conducted a Methadone Assessment and Treatment ("MAT") program in Boston, Massachusetts.

I received methadone treatment through RoxComp and my clinician at the MAT program was Donna Atherton Fisher, defendant(s). The act which became the basis for the lawsuit occurred in July 2009, after, I submitted a request to the MAT program to have my methadone administered by an out-of-state facility while he was attending a family event. Ms. Atherton, defendant(s) filled out a courtesy dose form without my permission. She in doing so failed to verify my medical conditions and erroneously identified me with me as having HIV and requiring HIV medications. Defendant(s), Donna Atherton, also signed my signature on several courtesy dose forms and submitted them to a couple of out-of-state facility without my knowledge or authorization. It was also signed off by clinical Director, Amy Offenenberg, (defendant(s) of the MAT program.

James Wade, plaintiff,sought damages for extreme emotional distress, anxiety, depression, loss of sleep, exacerbation of prior medical issues, mental anguish and loss of sense of well being that I suffered. It was a known fact that it was a conflict of interest since Ms. Atherton, defendant(s) was familiar with a lot of my fellow parishioners at the varies churches in the Boston/Brockton area. I had asked enormous of times to have my case transferred to another clinician to no avail.

With the assistance of the NAACP, discovery disclosed that Ms Atherton, defendant(s), was not an employee of RoxComp, but was independent contractor. Something that I or any other client on the program knew this information. My attorney, Ross Annenberg, defendant(s) thus amended the complaint to sue Ms. Atherton, defendant(s) as a separate defendant. Also, I initially asked Ross Annenberg,

defendant(s) when I first came to Worcester, MA to obtain Abigail Williams & Associates, defendant(s) that I wanted to include Amy Offenberg, director, defendant(s),the CEO, Anita Crawford, defendant(s) City of Boston, defendant(s) and Dept. of Public Healths, both state and fedederal agency, defendant(s). At the eleven hour, I was told not to worry about my case that Abigail Williams & Associates, defendant(s) had everything under control. This is why I contacted the Lawyers Referral Service. ( due to the seriousness of my case I had great concerns of obtaining counsel in the Boston Area.)

I filed a complaint with the Massachusetts Department of Public Health, defendant(s) which found violation in state procedures and HIPPA violations but failed to take punitive measures. Hillary Jacobs of the Dept. of Public Health, defendant(s) personally spoke with me and tried to reassure me the all parties would be dealt with. I believed that Hillary Jacobs, defendant(s) and my attorney Ross Annenberg, defendant(s) would file legal actions against Ms. Atherton, defendant(s) since she forged my signature on at least 3 different forms. In 2013, I file criminal complaint (Boston and Federal) against Ms. Atherton, defendant(s) for the above stated actions as HIPPA violations and forgery. Law enforcements taken no action to date.

In 2013. I, (plaintiff) agreed (with grave reluctant and pain) on the advice of my attorney,(defendant(s) to a settlement with the United States, defendant(s) and filed a stipulation to dismiss the action as against Defendant(s), Unites States of America with prejudice and without costs and interest. The action against Ms. Atherton, defendant(s) was not dismissed. I signed a release agreed to by my attorney, Ross Annenberg, defendant(s) and Carmen M. Ortez, the United State Attorney, defendant(s) in exchange for a payment of $10,000. The release purported to prevent me from bringing any future claims against the United States, RoxComp, or Ms. Atherton(defendants), for this incident.; The release was not filed with the court but a copy signed by me, plaintiff was provided to the NAACP* by Ross Annenberg, defendant. The annotated copy, which was not countersigned by either of the defendants or their attorneys, purported to exclude Ms. Atherton, defendant(s) from release. I do not recall being given a billing accounting by my attorneys explaining why I received less then the 75% of the settlement that I, (plaintiff) was entitled to based on state and federal law and no copy was provided in my file.

In July 2013, a default judgment of $6,500.00 was entered against Ms, Atherton, defendant(s) for having failed to plead or otherwise defend my action. My attorney,Ross Annenberg, defendant(s) has not taken action to collect the judgment on behalf of his client, me, James Wade, plaintiff from Ms. Atherton, defendant(s). State law governs the Statute of Limitations for collecting federal judgments which is 20 years in massachusetts. 1 year to move to vacate.

RoxComp,defendant(s) was under investigation to lose their license but before

RoxComp,defendant(s) officially closed a new director was appointed named Janice Biggs, defendant(s). Ms Biggs, defendant(s) worked under RoxComp before it closed. After RoxComp,defendant(s) closed Community Substance Abuse Center, (CSAC) was awarded the new license. Janice Biggs, hired Donna Atherton, defendant(s) but let every other clinician go knowing what she had done to me. I complained to admninistrators of the clinic as well as Massachusetts Behavioral Health Partnership and the Dept of Public Health, defendant(s) that it was inappropriate and possibly a violation of HIPPA for her to continue in a clinician role after having been found to have seriously violated clinic procedures,. Massachusetts law and federal law in my as as well as many other cases truly believehimy treatment by staff at the clinic as a result of the complaints amounts to harassment and discrimination. Also under the American Disability Act my legal rights were violated.

In July, 2014, my take home privileges were revoked for non compliance at Community Substance Abuse Center which resulted in tremendous interference with my religious beliefs/observances. I strongly felt this discriminatory and was a failure of the clinic to provide adequate accommodations for his disability and for my religious observance. I was discharged. Again, as a individual under the American Disability Act my right to due process were not implemented.

I, James Wade, (plaintiff), would like an advocate organization or lawyer to pursue suing the State and City of Boston for violation of treatment and the HIPPA violation. I want damages for extreme emotional distress, anxiety, depression, loss of sleep, exacerbation of prior medical issues, mental anguish and loss of sense of well-being that I have and are still suffering. I, James Wade, (plaintiff), loss my ability to advocate for others as I have in the past due to the fact I was slander and defamation of my character. Being a gay male, a defamation of character such as having AIDS or HIV is a death sentence. Monetary relief as well as funds for therapy for just trying to adjust to a normal life again. All of my life, I, (plaintiff) have been outgoing, active in the community, church and now I, plaintiff), have become a recluse.

**I REQUEST A TRIAL BY JURY.**

*National Association for the Advancement of Colored People

Signature *James Wade*, Pro Se

James Wade, Pro Se
2875 Washington Street,
apt#12B

Boston, MA  02119
617-445-9763, home

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Hampton**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): **Pro Se**

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
|  | 350 Motor Vehicle / 370 Other Fraud | 690 Other |  | 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 160 Stockholders' Suits | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| [X] 190 Other Contract |  / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability |  | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise |  |  | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other |  |  |
| 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other | 550 Civil Rights |  | 950 Constitutionality of State Statutes |
|  | [X] 440 Other Civil Rights | 555 Prison Condition |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: **LEGAL COUNCIL WAS NOT EFFECTIVE DUE TO ERRORS AND IN THE PROCEEDING OF CASE**

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____.
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                         (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

ATTACHMENT 4

AO-440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

James Wade

v.

SUMMONS IN A CIVIL CASE

CASE '1' -11- 0051

TO: (Name and address of Defendant)

(Abigail Williams & Assoc)/ Ross Annenberg
P.O. Box # 2475
Worcester, MA. 01613

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  _____
CLERK                                DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                        Date                                         *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 7

TO: (A) Abigail & Williams, Assoc.

as (B) Ross Annesley of (C) Donna Atherton Fisher

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ District of _____
and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of
_____.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

*James Wade*

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

## MEMORANDUM

TO: Dana Supreme Richardson, Vice-President, Boston NAACP
FROM: DeBorah Sonnenschein, Esq., Volunteer Attorney
SUBJECT: James Wade, Discrimination Complaint
DATE: May 9, 2014

The purpose of this memorandum is to outline history of Mr. Wade's discrimination complaint, summarize the efforts taken on behalf of the NAACP in support of Mr. Wade, and to provide information he may use in seeking legal counsel.

I. BACKGROUND TIME LINE

In January of 2011, Mr. Wade brought suit in Federal court, District of Massachusetts against defendant, United States of America, under the Federal Tort Claims Act involving a claim for personal injury caused by the negligence and wrongful act or omission of Donna Atherton, then thought to be an employee of the United States while acting within the scope of her employment. Ms. Atherton was then thought to be an employee of Roxbury Comprehensive Community Health Center ("RoxComp"), which was a Federally Supported Health Center, pursuant to the Federally Supported Health Care Center Assistance Act of 1992. RoxComp was a health center and conducted a Methadone Assessment and Treatment ("MAT") program in Boston, Massachusetts.

Mr. Wade received methadone treatment through RoxComp and Mr. Wade's clinician at the MAT program was Donna Atherton. The act which became the basis for the lawsuit occurred in July 2009, after, Mr. Wade submitted a request to the MAT program to have his methadone administered by an out-of-state facility while he was attending a family event. Ms. Atherton filled out a courtesy dose form for Mr. Wade and in doing so failed to verify Mr. Wade's medical conditions and erroneously identified him as having HIV and requiring HIV medications. She also signed Mr. Wade's name on several courtesy dose forms and submitted them to the out-of-state facility without Mr. Wade's knowledge or authorization.

Mr. Wade sought damages for extreme emotional distress, anxiety, depression, loss of sleep, exacerbation of prior medical issues, mental anguish and loss of sense of well-being he suffered.

Discovery disclosed that Ms. Atherton was not an employee of RoxComp, but was an independent contractor. Mr. Wade thus amended his complaint to sue Ms. Atherton as a separate defendant.

In January of 2013, Mr. Wade agreed to a settlement with the United States and filed a stipulation to dismiss the action as against Defendant United States of America with prejudice and without costs and interest. The action against Ms. Atherton was not dismissed. Mr. Wade signed a release agreed to by his attorney, Ross Annenberg and

Carmen M. Ortez, United States Attorney, in exchange for a payment of $10,000. The release purported to prevent Mr. Wade from bringing any future claims against the United States, RoxComp, or Ms. Atherton for this incident. The release was not filed with the court but a copy signed by Mr. Wade was provided to the NAACP by Ross Annenberg. The annotated copy, which was not countersigned by either of the defendants or their attorneys, purported to exclude Ms. Atherton from the release. Mr. Wade does not recall being given a billing accounting by his attorneys explaining why he received less that the 75% of the settlement he was entitled to based on state and federal law and no copy was provided in his file.

In July 2013, a default judgment of $6,500.00 was entered against Ms. Atherton for having failed to plead or otherwise defend Mr. Wade's action. Mr. Wade's attorney has not taken action to collect the judgment on behalf of his client from Ms. Atherton. State law governs the Statute of Limitations for collecting federal judgments which is 20 years in Massachusetts. 1 year to move to vacate.

In August 2013, Mr. Wade also filed a criminal complaint (Boston and Federal) against Ms. Atherton for the above stated actions as HIPPA violations. Law enforcement has taken no action to date.

Mr. Wade filed a complaint with the Massachusetts Department of Public Health which found violations in state procedures and HIPPA violations but failed to take punitive measures.

RoxComp closed in March of 2013, and Ms. Atherton began work at the Community Substance Abuse Center clinic. Mr. Wade complained to the administrators of the clinic that it was inappropriate and possibly a violation of HIPPA for her to continue in a clinician role after having been found to have seriously violated clinic procedures, Massachusetts law and federal law in his case as well as many other cases. To date, no actions have been taken on the complaint. Mr. Wade believes his treatment by staff at the clinic as a result of the complaints amounts to harassment, and discrimination.

In January 2014, Mr. Wade's take home Privileges were revoked for non compliance at Community Substance Abuse Center which resulted in tremendous interference with Mr. Wade's religious observances. He felt this discriminatory and was a failure of clinic to provide adequate accommodations for his disability and for his religious observance. Mr. Richardson initiated a mediation sessions with attendees Victoria Johnson (hearing officer), Janice Biggs, Charlie Moore, Mark Shub, Esq. (not all present at same meetings). The meetings resulted in an agreement to be more sensitive to Mr. Wade's needs.

II. NAACP PARTICIPATION

A. At the request of Mr. Richardson and with the consent of Mr. Wade, I obtained copies of Mr. Wade's file from his attorney, Mr. Annenberg and from the attorney's prior Law Firm.

2

B. I reviewed the file for issues that may be addressed as part of a discrimination claim on the part of Mr. Wade.

C. NAACP considered discrimination remediation actions to assist Mr. Wade in connection with his federal court action and advised him of same.

D. NAACP reviewed Mr. Wade's federal court file he retrieved from the clerk's office. It did not contain a copy of the release signed by US attorney. I, with the consent of Mr. Wade, reviewed the file at the clerk's office to determine if there were any additional documents pertaining to the release, and was informed there were none.

E. Mr. Richardson initiated contact with Community Substance Abuse Center clinic and its legal counsel to hold a mediation session which resulted in an agreement to be more sensitive to Mr. Wade's needs.

F. NAACP consulted with Mr. Wade as to an expansion of his complaints to include the City of Boston, Boston Health Centers, and the US Department of Health and Human Services, MBHP, State of Massachusetts. NAACP Health Committee Chair will assist Mr. Wade with the effort.

G. NAACP consulted with Mr. Wade on how to collect his judgment from Ms. Atherton.


III. NAACP HEALTH COMMITTEE FOLLOW UP

A. Mr. Wade would like an advocate organization or lawyer to pursue suing the State and City of Boston for violation of treatment and HIPPA violation.

B. While it is not clear why the federal court allowed the case to continue against Ms. Atherton when there may be an issue of any claim against her having been released, Mr. Wade will need to insure his version of the release is valid before proceeding against any of the parties he now seeks a claim against.

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement ("Agreement") is entered into by and between the United States of America, acting through the United States Attorney for the District of Massachusetts and on behalf of the United States Department of Health and Human Services, as well as the federally-qualified ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Health Center and its current and former directors, officers, agents, employees, eligible contractors, and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ capacities (collectively, "Defendant" or "the United States") and James Wade ("Plaintiff").

WHEREAS, in *Wade v. United States*, Case No. 1:11-CV-10051-PBS (D. Mass. 2011), Plaintiff has asserted tort claims against the Defendant regarding services Plaintiff received between June 2009 and August 2009 at the federally-qualified Roxbury Comprehensive Community Health Center ("the Lawsuit");

WHEREAS, Defendant denies that it is liable to Plaintiff with respect to the Lawsuit;

WHEREAS, Plaintiff and Defendant mutually desire to reach a full and final compromise of Plaintiff's claims, and they further wish to avoid the expense, delay and uncertainty of litigation;

NOW THEREFORE, in consideration of the mutual promises, covenants and obligations set forth in this Agreement, and for other good and valuable consideration, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ acknowledged, Plaintiff and Defendant ("the parties") agree as follows:

1. *Payment*: The United States agrees to pay Plaintiff the total sum of ten thousand dollars ($10,000).

2. *No Admission of Liability*: This Agreement is not and shall not be construed as an admission by Defendant of the truth of any allegation or the validity of any claim asserted in the Lawsuit, or of the Defendant's liability therein. Furthermore, ▉▉▉▉ of the terms of the Agreement may be offered or ▉▉▉▉▉▉▉▉▉▉▉▉ or in any way referred to in any ▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ding other than proceedings that may be necessary to consummate or enforce this Agreement.

3. *Release*: Plaintiff for himself and his heirs, successors, administrators, assigns and personal representatives, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Defendant, including the ▉▉▉▉▉▉▉▉▉▉▉▉e Community Health Center, and their components and current and former directors, officers, agents, employees, eligible contractors, and staff, either in their ▉▉▉▉▉▉ or ▉▉▉▉▉▉▉ capacities, from any and all claims, demands and ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ ▉▉▉▉ ▉▉▉▉ or description, whether currently known or unknown, which Plaintiff may have had, may now have, or may hereafter discover arising out of or in connection with ▉▉▉ ▉▉▉▉▉ occurring prior to the date of execution of this Agreement, including, without limitation, all events relating to Plaintiff's treatment at the Roxbury Comprehensive

1

Community Health Center. This release includes, but is not limited to, all claims for relief asserted by Plaintiff in the Lawsuit, including any claims for attorneys' fees and costs.

In connection with such waiver and relinquishment, Plaintiff acknowledges that he is aware that he may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which he now knows, with respect to the matters released herein. Nevertheless, it is the Plaintiff's intention through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, including the Roxbury Comprehensive Community Health Center, and their components and current and former directors, officers, agents, employees, eligible contractors, and staff, either in their official or individual capacities, arising out of the circumstances encompassed by the Lawsuit and/or this release.

4. *No Assignment*: Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The Plaintiff shall indemnify and hold harmless the Defendant, including the Roxbury Comprehensive Community Health Center, and their departments and components and current and former directors, officers, agents, employees, eligible contractors, and staff, either in their official or individual capacities, from any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

5. *Payment Mechanism*: Payment of the settlement amount in Paragraph 1 will be made by check from the Treasury of the United States to the law firm of Abigail Williams & Associates, as counsel for plaintiff. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff, subject to the limitations of 28 U.S.C. § 2678 [which limits Plaintiff's attorneys' fees to 25 percent of the settlement amount], and which are not to be awarded separately but are to be paid out of the settlement amount. Payment is also subject to the availability of funds appropriated under 42 U.S.C. § 233(k).

6. *Dismissal With Prejudice*: At the time of the execution of this Agreement, Plaintiff agrees to have his counsel execute and provide to Defendant's counsel a Stipulation of Dismissal with prejudice and without costs pursuant to Rule 41 of the Federal Rules of Civil Procedure. Defendant's counsel agrees to execute the stipulation and file it with the Court within seven (7) calendar days after the full execution of this Agreement by all parties and counsel.

7. *Tax Consequences*: Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. This Agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with the settlement payments.

8. *Merger Clause*: This Agreement contains the entire agreement between the parties hereto, and Plaintiff acknowledges and agrees that no promises or representations or separate agreements have been made to him, and he acknowledges and represents that this Agreement

2

contains the entire understanding between the parties, and con~~[redacted]~~. No statement, ~~remark~~, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

12. *Amendments*: ~~This agreement cannot be modified or amended except by a document in writing agreed to and signed by all parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.~~

13. *Binding Successors*: This Agreement shall be binding upon and inure to the benefit of the Plaintiff and the Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

15. *Consultation with Counsel*: Plaintiff acknowledges that Defendant has advised him to consult with counsel prior to executing this Agreement, that he has discussed this Agreement with his counsel, who has explained these documents to him, and that he understands all of the terms and conditions of this Agreement. Plaintiff further acknowledges that he has read this Agreement, understands the contents thereof, and executes this Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into this Agreement.

\* Please refer to page 4.

FOR PLAINTIFF:

_/s/ James Wade_  Dated: 12/20/12
James Wade

_/s/ Ross Annenberg_  Dated: 12/20/12
Ross Annenberg, Esq.
Counsel for Plaintiff


FOR DEFENDANT:

Carmen M. Ortiz
United States Attorney

_____  Dated: _____
Giselle J. Joffre
Assistant United States Attorney

3

ADDENDUM

16. This Release does not include the Pending Lawsuit (CIVIL ACTION 11-1—51-MBB) against Defendant, DONNA DENISE ATHERTON, MSW. who is currently in default. Defendant, DONNA DENISE ATHERTON has not appeared in nor has responded to any inquiries.

_____
JAMES WADE



Edward F Davis, Police Commissioner

## INCIDENT REPORT

ORIGINAL                                                                             STATUS: UNAPPROVED

| KEY SITUATIONS | COMPLAINT NO. | RPT DIST. | CAD RA | RPT RA | CLEAR. DIST. |
|---|---|---|---|---|---|
| Others | 130471253 | B2 | 566 | 566 | |

| UCR INCIDENT DESCRIPTION | UCR FINAL INCIDENT DESCRIPTION | STATUS | DATE OCCURRED FROM | DATE OCCURRED TO |
|---|---|---|---|---|
| | | | 07/28/2009 | 08/01/2009 |

| LOCATION OF INCIDENT | APT | DISPATCH TIME | TIME OCCURRED FROM | TIME OCCURRED TO |
|---|---|---|---|---|
| 174 MORTON ST | | | 12:00 AM | 12:00 AM |

| NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY | WEATHER | LIGHTING |
|---|---|---|---|---|
| MATTAPAN | | | | |

| TYPE OF WEAPON-TOOL | SUSPECT MODE OF TRANSPORTATION | VICTIM'S ACTIVITY | SUSPECT RELATIONSHIP TO VICTIM |
|---|---|---|---|
| | | | |

UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR

**PERSONS 1**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| VICTIM | WADE, JAMES D | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 2875 WASHINGTON ST 12B, BOSTON MA 02119-0000 | MALE | BLACK NON-HISPANIC | 04/21/1952 | 61 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| 5-08 | 000 | N/A | | |

| OCCUPATION | MARITAL STATUS | EMAIL ADDRESS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|---|
| | | | (617)-947-1264 | (000)-000-0000 |

SPECIAL CHARACTERISTICS(INCLUDING CLOTHING)

**PERSONS 2**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| REPORTER | WADE, JAMES D | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 2875 WASHINGTON ST 12B, BOSTON MA 02119-0000 | | | | 0 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| | | | | |

| OCCUPATION | MARITAL STATUS | EMAIL ADDRESS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|---|
| | | | (617)-947-1264 | (000)-000-0000 |

SPECIAL CHARACTERISTICS(INCLUDING CLOTHING)

**NARRATIVE AND ADDITIONAL INFORMATION:**

On Monday July 29, 2013 James D Wade walked into Boston Police district E 13/Jamaica Plain to report his name was forged on a medical document in July of 2009. Victim states on 08/01/2009 he received information that his name was forged on a medical document sent by Donna Atherton Fisher /617-541-3670 (victims methadone counselor at Roxbury Comprehensive Medical Center "MAT Program") to a medical facility in Atlanta Georgia. Victim states the suspect sent the form with in correct medical information victim states suspect fraudulently signed his name to the form giving the Atlanta GA facility to dose victim (methadone) via the MAT Program. Victim states he has a civil case in federal court regarding this issue Case #11-10051-MBB

| UNIT ASSIGNED | SHIFT | REPORTING OFFICER'S NAME | REPORTING OFFICER'S ID | PARTNER'S ID |
|---|---|---|---|---|
| JD13 | 2 | MARLISA A. BELL | 11058 | 0 |

SPECIAL UNITS NOTIFIED(REPORTING)

| DATE OF REPORT | TIME COMPLETED | APPROVING SUPERVISOR NAME | APPROVING SUPERVISOR ID |
|---|---|---|---|
| 07/29/2013 | 09:51 AM | N/A | 0 |

B3   617-343-4700

Requested by : 11058                                      Requested on : 07/29/2013 09:51:24 AM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES WADE
　　　　Plaintiff

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 1:11-10051-FDS

UNITED STATES OF AMERICA and
DONNA DENESE ATHERTON, MSW
　　　　Defendants

### DEFAULT JUDGMENT

SAYLOR, D.J.

　　Defendant DONNA DENESE ATHERTON, MSW having failed to plead or otherwise defend in this action and its default having been entered,

　　Now, upon application of plaintiff and evidence demonstrating that defendant is not an infant or incompetent person or in the military service of the United States.

　　It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant DONNA DENESE ATHERTON, MSW the amount of $6,500.00, for a total judgment of $ 6,500.00 with interest as provided by law.

　　Defendant UNITED STATES OF AMERICA was dismissed from this action on January 14, 2013, when the plaintiff filed a stipulation of dismissal pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii).

　　　　　　　　　　　　　　　　　　　　By the Court,

Dated: 12 JUL 2013　　　　　　　　　　　/s/ Pietro Cicolini
　　　　　　　　　　　　　　　　　　　　Deputy Clerk

NOTE: The post judgment interest rate effective this date is   0.15   %.