UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES WADE,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants. | Civil Action No.<br>11-10051-FDS |

### MEMORANDUM AND ORDER

SAYLOR, J.

### I.    Introduction

On January 10, 2011, plaintiff James Wade filed a civil action against the United States and Donna Denese Atherton, MSW. Wade alleged that he suffered personal injuries caused by the negligence or wrongful acts or omissions by Atherton (who he believed to be an employee of the United States).[1] In brief, Wade alleged that defendant Atherton, then acting as his clinician during his methadone treatment, erroneously characterized him as being HIV positive and requiring HIV medications. He also alleged that she signed his name on a courtesy dose form without his knowledge or authorization and without verifying his medical information. She then submitted the dose form to a couple of out-of-state facilities.

After various pretrial proceedings, on January 14, 2013, Wade and the United States reached an agreement and filed a Stipulation of Dismissal with Prejudice and without Costs and Interest. Thereafter, on May 8, 2013, this Court issued a memorandum and order granting Wade's renewed motion for default judgment as to Atherton. After a hearing, this Court awarded Wade $6,500 in damages. A default judgment in favor of Wade entered on July 12,

---

[1] In later pleadings, Wade alleged that discovery disclosed that Atherton was an independent contractor of the treatment facility.

2013.

During those proceedings, Wade was represented by attorney Ross Annenberg. On January 12, 2016, more than two years after the case was closed, Wade filed a self-prepared letter. While the letter is not entirely coherent, Wade states that attorney Annenberg had been suspended from the practice of law while this case was ongoing. He further states that he had been so tired he was unable to properly bring the disbarment to the Court's attention during the pendency of the case.[2] He further alleges that he was given a "nuisance payment" in settlement of the case due to the mis-advice of his counsel, who advised that he should settle because he would lose the case. He now seeks to have the Court reopen this action for a hearing. Attached to this letter, Wade submitted a redacted copy of the Settlement Agreement and Release, along with a proposed complaint and other exhibits.[3]

On January 13, 2016, the day after Wade filed his letter and exhibits, the clerk entered a First Execution against Atherton in the amount of $6,524.84 with interest at the rate of .015% from the date of rendition of judgment.[4]

On January 19, 2016, Wade filed a motion for leave to proceed *in forma pauperis*.

## II. Discussion

### A. The Proposed Amended Complaint

In the caption of Wade's proposed amended complaint, he lists as defendants "Abigail Williams and Associates, et al." The proposed complaint alleges that Wade is resident of Roxbury and the defendant(s) are residents of Worcester, Massachusetts. In the body of the

---

[2] Wade attached as an exhibit the Judgment of Disbarment of Attorney Annenberg, dated March 19, 2015.

[3] Wade represented that in exchange for $10,000 paid by the United States, the release prevented him from bringing any future claims against the United States, Rox Comp, or Atherton. He claims there was an annotated copy, which was not countersigned by Wade or any defendants or their attorneys and that purported to exclude Atherton from the release. Wade claims he received less than the 75% of the settlement. (Docket No. 59-2 at 8).

[4] Clerk's office notes indicate that in March 2015, Wade came to court with a form First Execution. He had not received a signed copy and it had not been docketed; however, it was date-stamped by the clerk's office. Wade was advised that the First Execution would issue and would be available from the court for pickup in the clerk's office on January 14, 2016.

complaint, which otherwise is set forth in narrative form, Wade lists the defendants as (1) Abigail Williams, (2) Ross Annenberg, and (3) Donna Atherton Fisher. It alleges that in or about the fall of 2010, Abigail Williams and Ross Annenberg of the law firm Abigail Williams & Associates entered into a contract under which they agreed to bring suit on behalf of Wade against the United States under the Federal Tort Claims Act for personal injuries caused by the negligence of the Roxbury Comprehensive Health Center (the Methadone Addiction Treatment Center), through his therapist, Donna Atherton Fisher, and others. Wade alleges that he had ineffective assistance of counsel in connection with his civil lawsuit. He contends that he wanted to include additional defendants, including state and federal agencies. He also alleges that the law firm advised him that it had everything under control, but Wade decided to contact the Lawyers Referral Service to obtain counsel in the Boston area.

Wade further alleges that his attorney failed to take any action to collect on the default judgment against Atherton. He alleges that RoxComp closed its office but its successor hired Atherton as a clinician. He voiced his objections to the continuation of her employment. The complaint makes general allegations that his state and federal rights were violated and that his treatment at the clinic amounted to harassment and discrimination, and his rights under the Americans with Disabilities Act were violated as well.

Wade further alleges that he filed a complaint with the Massachusetts Department of Public Health, which found violations of the Health Insurance Portability and Accountability Act ("HIPAA"), but indicated it would take no punitive measures. He alleges that he was advised that the situation would be remedied. He therefore believed that his counsel would file legal actions against Atherton, based on her forgery and violations of HIPAA. Wade took additional actions by filing criminal complaints against Atherton in both state and federal courts, but no charges were brought.

Finally, Wade alleges that in 2014, his take-home privileges were revoked for non-compliance with the treatment facility's rules. He contends that this interfered with his religious

beliefs and observances. He alleges that this was discriminatory and that the clinic failed to accommodate his religious observances in violation of his civil rights.[5]

Wade requests that he have an advocate organization or lawyer appointed to pursue his suits against the state and the City of Boston for violation of his treatment and for HIPAA violations. He also seeks monetary damages for emotional distress and for therapy. He further alleges that he has been defamed as a gay male by the implication that he had AIDS or HIV.

In the civil cover sheet attached to his proposed complaint, Wade states his cause of action is "legal council [sic] was not effect[ive] do [sic] to errors and in the proceeding of case." *Id.*

### B. The Request to Reopen Closed Action and Proceed with Original Claims and New Claims, and the Motion for Leave to Proceed *In Forma Pauperis*

This Court construes Wade's letter and attachments as both a motion to reopen this action and proceed with his claims against the United States and Atherton, and a motion to proceed with a new complaint asserting claims against his attorneys based on legal malpractice.

#### 1. Motion to Reopen

With respect to the motion to reopen, the request will be denied. Although Wade expresses dissatisfaction with his attorney and the settlement agreement, he has not demonstrated good cause to reopen this action. Among other things, the request is untimely. The Stipulation of Dismissal entered almost three years before the date of Wade's letter seeking to reopen this action. Wade alleges that he was too tired to bring the matter to the Court's attention. However, as the exhibits he has submitted reflect, Wade has been filing criminal complaints with state and federal agencies, consulting with the NAACP regarding his claims, and attempting to collect on the default judgment in this case. Thus, there is no factual basis to find that he could not have timely sought reconsideration.

---

[5] As an additional exhibit, Wade submitted a memorandum from the Vice President of the Boston NAACP, dated May 9, 2014. The memorandum summarizing the history of Wade's discrimination complaint and the efforts made by NAACP in support of Wade. Much of the information contained in that memorandum is duplicated in the body of Wade's proposed complaint.

Moreover, Wade has not asserted any legal arguments in support of reopening. To the extent that he seeks to reopen this action to assert violations of HIPAA against Atherton (or any state or federal agencies for that matter), such claims are not legally cognizable. HIPAA does not provide a private right of action for violations of the statute. *Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009); *see Spencer v. Roche*, 755 F. Supp. 2d 250, 271 (D. Mass. 2010). Although the law provides for civil and criminal penalties for those who improperly handle or disclose certain health information, the statute "specifically indicates that only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action." *Munoz v. Island Finance Corp.*, 364 F. Supp. 2d 131, 136 (D. Puerto Rico 2005).

### 2. Motion to Proceed With a New Complaint

The motion to proceed with a new complaint includes claims against parties who were not initially named as defendants. Such claims are not properly raised in this closed civil action. Although the legal malpractice claims allegedly arise out of actions or inactions taken in connection with this case, they are different legal claims against different parties that must be brought in a separate civil action.[6]

Accordingly, Wade's motion to proceed with a new complaint in this case will be denied. He will, however, be allowed to file a complaint in a new civil action. The clerk is directed to file the proposed new complaint as a new civil action with a filing date of January 12, 2016, and then randomly assign the case to a judicial officer for further proceedings.[7] The clerk shall also docket Wade's motion for leave to proceed *in forma pauperis* in the new civil action, along with a copy of this memorandum and order.

In light of the above, Wade's motion for leave to proceed *in forma pauperis* will be

---

[6] The Court notes, but need not decide, that subject-matter jurisdiction over Wade's claims for legal malpractice is doubtful, because he has not alleged that the citizenship of the parties is diverse and there is no apparent basis for federal-question jurisdiction. It also appears that Wade's legal-malpractice claims may be barred by the statute of limitations.

[7] This ruling is made in order to preserve whatever rights, if any, Wade may have to re-file pursuant to the one-year savings clause of Mass. Gen. Laws ch. 260, § 32. This is not a determination on the merits of the claims raised by Wade in the new complaint.

denied as moot to the extent it applies to this action.

## III.    Conclusion

For the foregoing reasons, it is hereby Ordered that:

1. The Court construes plaintiff's letter (Docket No. 59) as a motion to reopen the case and as a motion to proceed with a new complaint;

2. Plaintiff's motion to reopen case (Docket No. 59) is DENIED;

3. Plaintiff's motion to proceed with a new complaint (Docket No. 59) is DENIED with respect to proceeding in this closed civil action, but ALLOWED with respect to proceeding in a new civil action;

4. The clerk shall open plaintiff's proposed complaint (Docket No. 59-2 at 5-23) as a new civil action with a filing date of January 12, 2016, and randomly assign the case to a judicial officer;

5. The clerk shall docket plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 62) in the new civil action; that motion is reserved for the judicial officer assigned to the new case;

6. Plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 62) is DENIED as moot in this action; and

7. A copy of this memorandum and order shall be docketed in the new civil action.

**So Ordered.**

Dated: October 14, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge